UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH MONETTE-CARTER,

      Plaintiff,

                                                   Case No. 12-cv-15252
                                                   Honorable Gershwin A. Drain

v.

GREEN TREE SERVICING, LLC, *et al.*

      Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (#5)

### I. INTRODUCTION

The instant matter was removed from Third Judicial Circuit Court by Defendants, where a complaint was filed by Plaintiff Joseph Monette-Carter seeking to challenge the foreclosure of a mortgage that encumbered property located at 15628 Gaylord, Redford, Michigan 48239 (the "Property"). Plaintiff brings seven claims: fraud and misrepresentation, count I; common law rescission and/or reformation, count II; quiet title, count III; Credit Repair Organizations Act, count IV; violation of the Federal Truth in Lending Act ("TILA"), violation of Real Estate Settlement Procedures Act ("RESPA") and Federal Reserve Regulation Z, count V; injunctive relief, count VI; and equitable right of recoupment, count VII.

Presently before the court is Defendants' Motion to Dismiss. This matter is fully briefed and a hearing was held on March 12, 2013. For the reasons that follow, the Court

**GRANTS** Defendants' Motion to Dismiss.

## II. FACTUAL BACKGROUND

On March 30, 2006, Plaintiff Joseph Monette-Carter executed a note and mortgage in the amount of $84,000.00 that secured real property located at 15628 Gaylord, Redford, MI 48239. The mortgage was duly recorded in Liber 44661, Page 1239 of the Wayne County Register of Deeds. Mortgage Electronic Registration Systems, Inc. ("MERS") is designated as the original mortgagee and nominee for lender Countrywide Home Loans, Inc. The mortgage and its corresponding rights and obligations were subsequently assigned to Defendant Green Tree Servicing, LLC via an assignment.

Plaintiff defaulted under the terms of his note and mortgage beginning in November of 2011 by failing to make payments. As a result of Plaintiff's default, Green Tree Servicing, LLC commenced foreclosure proceedings. On April 26, 2012, Green Tree Servicing, LLC purchased the property at a sheriff's sale for $82,622.19. Plaintiff did not take any action to redeem the property, and the redemption period expired on October 26, 2012.

Defendant Green Tree Servicing, LLC conveyed its interest to Defendant Fannie Mae via quit-claim deed, recorded on November 8, 2012. On December 6, 2012, Plaintiff filed the current action alleging irregularities with the loan origination and seeking to quiet title to the property in his favor free of the mortgagee's interest.

## III. LAW AND ANALYSIS

### A. STANDARD OF REVIEW

Federal Rule of Civil Procedure12(b)(6) allows the court to make an assessment as

to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* at 679.

B.  MOTION TO DISMISS

1. Fraud

Plaintiff argues that Defendants and/or their predecessors made material misrepresentations regarding his qualifications for a home loan, the value of the home, and his ability to repay the loan that altered the "entire nature of the financing transaction". *See* Compl. ¶ ¶ 22-26. Plaintiff maintains that he applied for a fixed rate loan "but was lied to through a bait and switch scheme." *See* Plt.'s Resp. to Mot. to Dismiss, Dkt. No. 13, pg. 12. Plaintiff claims that the "bait and switch" scheme is evidenced in the application and mortgage that were attached to his complaint. *Id.* Plaintiff further states that he was fraudulently induced into the mortgage and that the Defendants obtained a fraudulently induced mortgage and note. Thus, Defendants are burdened with demonstrating that they obtained the mortgage without notice of fraud. *Id.* at 10.

Defendants argue that Federal Rule of Civil Procedure Rule 9(b) states that allegations of fraud must be plead with particularity and Plaintiff has not: (1) named any of the alleged speakers, (2) identified if the statements that were made were oral or written, (3) identified where the statements were made or how they rose to level of fraud. Defendants contend that Plaintiff has only made conclusory statements regarding fraud without any factual support.

Furthermore, Defendants argue that Plaintiff has brought the cause of action for fraud after the statute of limitations has already run. Pursuant to M.C.L. § 600. 5813, the statute of limitations for claims of fraud are six years. *See also Boyle v. General Motors Corp.*, 468 Mich. 226, 230. The Plaintiff's loan originated on or before March 30, 2006, requiring any allegations of fraud to be brought by March 30, 2012. This claim was brought

on November 16, 2012.

The Court agrees with Defendants. In Michigan, parties asserting claims of fraud must satisfy the following requisite elements:

> (1) that the defendant made a material misrepresentation;
>
> (2) that [the misrepresentation] was false;
>
> (3) that when the defendant made it, he knew that it was false, or make it recklessly, without any knowledge of its truth, and as a positive assertion;
>
> (4) that he made it with the intention that it should be acted upon by the plaintiff;
>
> (5) that the plaintiff acted in reliance upon the false misrepresentation; and
>
> (6) that the plaintiff thereby suffered injury.

*Aerospace America, Inc. v. Abatement Technologies, Inc.*, 738 F. Supp. 1061, 1068 (E.D. Mich. 1990) (citing *Hi-Way Motor Co. v. International Harvester Co.*, 398 Mich. 330, 336 (1976)).

Each of the above elements must be established and proven by Plaintiff with clear, satisfactory and convincing evidence. *Id.* All of the elements must be found to exist; the absence of any of them is fatal to recovery. *Id.* The Plaintiff failed to present any specific evidence that meets the requisite strong showing of fraud necessary under Michigan law. Plaintiff makes generalized statements claiming he was a victim of a "bait and switch" scheme and he also claims that he never received alleged discount points promised to him. Plaintiff directs the Court to review the mortgage application and the mortgage as proof of his allegations. However, even if the loan application and the mortgage state different

amounts, the executed mortgage only evidences that at some point during the process, Plaintiff agreed to different terms. Plaintiff has presented no evidence proving that he was defrauded into entering into the mortgage.

Moreover, even if Plaintiff could maintain an action of fraud, the claim would still fail as a matter of law because it was filed outside of the requisite statute of limitations pursuant to M.C.L. § 600.5813. Under § 600.5813, "[f]raud claims in Michigan are subject to a six-year period of limitation." Plaintiff argues that the fraud was committed during the mortgage and loan application process, which took place on or before March 30, 2006. Therefore, any fraud claims would have had to be brought by March 30, 2012. Plaintiff filed his claim alleging fraud on November 16, 2012, over six months past the statute of limitations. Accordingly, Plaintiff cannot state a claim for fraud, thus this claim is subject to dismissal under Rule 12(b)(6).

### 2. Rescission or Reformation

Defendants argue that Plaintiff is not entitled to rescission or reformation of the mortgage because he is barred pursuant to the doctrine of laches. Defendants state that Plaintiff's mortgage loan originated on or before March 30, 2006, Plaintiff had constructive notice of the first and second mortgage because they were both recorded with the Wayne County Register of Deeds, and that Plaintiff had knowledge of the sheriff's sale and waited six years to file a lawsuit.

Plaintiff argues that he had "no opportunity to have professionals review the conduct." *See* Plt.'s Resp. to Mot. to Dismiss, Dkt. No. 13, pg. 13. Plaintiff contends that at the time of the loan origination he was not provided with any disclosures. Plaintiff states

that had he timely been presented with the disclosures, he may have found the "fraud" earlier. *Id.* Furthermore, Plaintiff argues that Defendants are not prejudiced by his filing the lawsuit six years after the harm was commenced because the Defendants are "large national scale corporations and portfolio holders." *Id.* Also, Plaintiff contends that because Defendants have all of the relevant paperwork they cannot claim prejudice. Additionally, Plaintiff maintains that because Defendants did not state in their Motion to Dismiss how they would be prejudiced, their claim of laches cannot stand.

Plaintiff correctly sets forth the following principles of law governing the doctrine of laches. *See* Plt.'s Res. to Mot. to Dismiss, pg. 13. "A party asserting laches must show: (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting it." *Herman Miller, Inc. v. Palazzetti Imports & Exports, Inc.* 270 F.3d 298, 320 (6th Cir. 2001).

Laches operates to bar equitable relief relating to the validity of recording instruments where the plaintiff had notice, lacked diligence, and prejudiced the defendant. *See, e.g. Staebler v. Buchanan*, 45 Mich. App. 55, 60-61 (1973)(holding that a seven-year delay in bringing an equitable action to reform a warranty deed into a mortgage constituted laches); *In re Estate of Crawford*, 115 Mich. App. 19, 25-28 (1983)(holding that a five-year delay in challenging a quitclaim deed constituted laches); *Leavell v. Wells Fargo Bank, N.A.*, Case No. 08-15278, 2009 U.S. Dist. LEXIS 42399, at *6-7 (E.D. Mich. May 19, 2009)(holding that a nine-year delay in challenging the validity of a recorded mortgage constituted laches).

Plaintiff does not dispute the foregoing principles of law, only its application to the facts at bar. However, even considering the pleadings and the other documentary evidence

in the light most favorable to Plaintiff, the Court agrees with Defendants that Plaintiff exhibited a lack of diligence by waiting more than six years to object to the validity of the March 30, 2006, origination of the mortgage loan, despite having constructive notice, if not actual notice that there were alleged discrepancies in the documentation. The Plaintiff's lack of diligence prejudiced Defendants because Plaintiff waited until after: (1) the property securing the loan had been foreclosed and sold, (2) the redemption period had expired, and (3) the property had been deeded to a third party, to bring their claim. In addition, Defendants have incurred the expenses of bringing the foreclosure by advertisement. For all the aforementioned reasons, the doctrine of laches bars Plaintiff's requested relief.

### 3. Quiet Title

Plaintiff alleges that the Court should Quiet Title in his name and he should therefore be free of any mortgage because of "fraudulent representations, acts and omissions of defendants, or defendants' predecessors in interest." *See* Compl. ¶ 35.
Defendants argue that Plaintiff has not provided any foundation for his allegations that the Court should Quiet Title to the property free of the mortgage. Defendants contend that Plaintiff has not met the high evidentiary requirements necessary to establish fraud or irregularity to set aside the foreclosure proceedings. Moreover, Plaintiff has not presented any sufficient evidence, such as proof that the amount due on the note has been satisfied, that would show he has superior title to the property. *See* Defs.' Mot. to Dismiss, Dkt. No. 5, pg. 16.

In order to properly allege a quiet title claim, Plaintiff must meet the requirements set forth in M.C.R. § 3.411. This rule requires that Plaintiff properly alleges his ownership

-8-

interest in the property. M.C.R. § 3.411(B)(2) states the complaint must allege: (a) the interest the plaintiff claims in the premises; (b) the interest the defendant claims in the premises; and (c) the facts establishing the superiority of the plaintiff's claim." To state it another way, plaintiff must show that he has title to the property superior to claims by others with an interest in the property. *Beaulah Hoagland Appelton Qualified Pers. Residence Trust v. Emmet County Road Comm'n*, 236 Mich. App. 546, 550 (1999).

If the Plaintiff succeeds in making a *prima facie* case of title, the burden shifts to the Defendants to prove superior right or title in themselves. *Id.* In Michigan, pursuant to M.C.L. § 600.3240 (8), following the sheriff's sale, a mortgagor or residential property owner must redeem the property within six months of the sale. Absent fraud or irregularity that relates to the foreclosure procedure itself, a court will not set aside the foreclosure sale. *Overton v. Mortg. Elec. Registration Sys.*, 2009 Mich. App. LEXIS 1209, Case No. 284950, at *3-*4 (Mich. App. May 28, 2009); *see also Whitfield v. OCWEN Berkley Fed. Bank & Trust*, Case No. 221248, at *4 (Mich. App. Dec. 28, 2001).

Here, Plaintiff's allegations fail to present facts demonstrating a viable claim. Plaintiff does not allege that he has satisfied the note owed on the mortgage loan. Considering that the property was sold on April 26, 2012, and Plaintiff's right of redemption expired on October 26, 2012, Plaintiff cannot show that he has title to the property at issue. Again, Plaintiff makes conclusory allegations of fraud and misrepresentation, yet, Plaintiff does not present to the Court sufficient facts to support his allegations. Therefore, Count III of Plaintiff's complaint is dismissed.

### 4. Credit Repair Organization Act

Plaintiff argues that Defendants violated the Credit Repair Organizations Act by misrepresenting Plaintiff's income on his application that resulted in " a statement which was untrue or misleading with respect to Plaintiff's consumer's (sic) credit worthiness, credit standing or credit capacity to a credit granting institution." Compl. ¶ 42, (citing 15 U.S.C § 1679b(a)(1)(A), (B)).

Defendants argue that Plaintiff fails to address how Defendants are a "credit repair organization" as indicated by the Act. Defendants contend that Plaintiff does not address how any of the Defendants provide or perform services for the express purpose of improving a consumer's credit history or credit score as defined by the Act.

The Credit Repair Organizations Act, a subchapter of the Consumer Credit Protection Act, protects consumers from unfair trade practices by credit repair organizations. The Act defines the term "credit repair organization" as:

> (A) means any person who uses any instrumentality of interstate commerce or the mails to sell, provide or perform (or represent that such person can or will sell, provide, or perform) any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of—
>
> (I) improving any consumer's credit record, credit history or credit
> rating; or
>
> (ii) providing advice or assistance to any consumer with regard to any activity or service described in clause (I); …

15 U.S.C. § 1679a(3).

Congress expressly stated that the purpose of the Act is "to ensure that prospective buyers of the services of credit repair organizations are provided with the information necessary to make an informed decision regarding the purchase of such services." 15

U.S.C. § 1679 (b)(1). Defendant Fannie Mae is the current owner of the property. Defendant MERS is the mortgagee of record and Defendant Green Tree, LLC is the foreclosing assignee of the mortgage. There is nothing in the record that indicates that any of these entities contracted with the Plaintiff to provide him with services to repair his credit. Therefore, Count IV of Plaintiff's claim must also fail.

### 5. Real Estate Settlement Procedures Act ("RESPA") and Truth in Lending ACT ("TILA") and Regulation Z

#### a). RESPA

Plaintiff argues that Defendants violated RESPA, TILA and Regulation Z by setting forth a list of violations:

> (a) failing to provide accurate disclosure[;]
> (b) failing to timely provide disclosures[;]
> (c) failing to provide material disclosures in a form plaintiffs (sic) could keep prior to and through closing[;]
> (d) charging fees that were not bona fide and reasonable in amount including discount fees, origination fees, processing fees, prepaid interest, and closing fees[;][ and]
> (e) understating the finance charges.

*See* Notice of Removal, Dkt. No. 1, pg. 15.

Defendants argue that Plaintiff's pleadings are deficient because Plaintiff has not delineated which allegations arise under each statutory scheme. Defendants contend that assuming Plaintiff is alleging the issue of improper fees pursuant to 12 U.S.C. § 2607 of RESPA, this action is time barred because under RESPA, claims of this nature are subject to a one-year statute of limitation that begins "from the date of the occurrence of the violation." 12 U.S.C. § 2614; see also, *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 421 (6th Cir. 2009).

Defendants further argue that Plaintiff alleges that Defendants failed to provide him with proper disclosures. Defendants state that Plaintiff does not set forth under which section of RESPA he is relying on; therefore, Defendants believe that Plaintiff is referring to 12 U.S.C. §2605. Defendants argue that any claim brought under § 2605 must be brought within three years of occurrence of the violation. 12 U.S.C. §2614; *see also Elson v. Deutsche Bank Nat'l Trust Co.*,Case No. 11-14100, 2012 U.S. Dist. LEXIS 73220,, at * 21 (E.D. Mich. May 25, 2012). The Court agrees with the Defendants that Plaintiff's claims are time barred.

Here, pursuant to 12 U.S.C. § 2607, Plaintiff's allegations of improper fees would have occurred during the time that the loan was originated on or before March 30, 2006. In order for Plaintiff's claim to be viable, he would have had to file his claim by March 30, 2007. Because Plaintiff filed his claim in November 16, 2012, his claim is barred pursuant to 12 U.S.C. §2614.

Furthermore, Plaintiff's allegations that Defendants failed to provide him with proper disclosures pursuant to 12 U.S.C. §2605, are also time barred. Plaintiff had three years to file his complaint. The loan closing occurred on March 30, 2006 and Plaintiff did not file his complaint until November 16, 2012. More than six years have passed between the loan closing and the filing of this action; therefore, pursuant to 12 U.S.C. § 2614, Plaintiff's claims under this provision fail because they were filed after the statute of limitations expired.

b). TILA and Regulation Z

Any claims that Plaintiff brings under TILA and Regulation Z are subject to a three-

year statute of repose. *Elson*, Case No. 11-14100, 2012 U.S. Dist. LEXIS 73220,, at * 21. Statutes of repose limit the time in which an action can be brought regardless of whether the injury has occurred or has been discovered. *Id.* Therefore, any action under TILA and Regulation Z must be brought within three years of the loan closing.

More than six years have passed between the loan closing and the filing of this action. Unlike the statute of limitations, tolling principles do not apply to statutes of repose because they are meant to serve as a cut off. *Lampf v. Gilbertson*, 501 U.S. 350, 363 (1991). Accordingly, any claims that Plaintiff alleges under TILA and Regulation Z are denied as time barred.

### 6. Injunctive Relief

Defendants argue that a claim for injunctive relief must be dismissed because injunctive relief is a remedy, not a cause of action. Defendants are correct. *See Terlecki v. Stewart*, 278 Mich. App. 644, 663 (2008); *See also Tann v. Chase Home Fin., L.L.C.*, Case No.10-14696, 2011 U.S. Dist. LEXIS 96026, 2011 WL 3799841, *10 (E.D. Mich. Aug. 26, 2011) ( "[P]laintiff cannot seek an injunction as a stand-alone cause of action; it is only available as an equitable remedy.") Thus, Plaintiff has failed to raise an actionable claim, and Count VI is dismissed.

### 7. Recoupment

Plaintiff contends that he has an entitlement to recoupment as an equitable right "whereby any claim asserted against him, legal or equitable, may be set off by claims he

has against defendants." Comp. ¶ 65. Defendants argue that the claim of recoupment is not available to Plaintiff for purposes of bringing an action. Defendants maintain that recoupment is a defendant's right "to cut down the plaintiff's demand, either because the plaintiff has not complied with some cross obligation of the contract on which he or she sues or because the plaintiff has violated some legal duty in the making or performance of that contract." *Mudge v. Macomb Cty.*, 458 Mich 87, 106-107 (1998)(citing 20 Am.Jur. 2d, Counterclaim, Recoupment, § 5, pg. 231). Recoupment is a "defense" that applies to "an action to collect a debt." *Id.* The Court agrees with the Defendants. The Defendants have sought no affirmative relief in this case. Therefore Plaintiff's claim of recoupment, Count VII, is unavailing.

### 8. Standing

Plaintiff argues that a "mortgagor may hold over after foreclosure by advertisement and test the sheriff's sale in the summary proceeding." *See* Plt.'s Resp. to Mot. to Dismiss, Dkt. No. 13, pg. 15. Plaintiff contends that a property owner maintains an opportunity to challenge the sheriff's sale, even after the redemption period. *Id.* (citing *Manuf. Hanover Corp. V. Snell*, 142 Mich. App. 548, 553 (1985)).

Defendants argue that Plaintiff's rights were extinguished following the expiration of the redemption period. Defendants state, pursuant to M.C.L. 600.3240 (1), following a sheriff's sale, a purchaser's deed is void if the mortgagor redeems the entire premises sold by paying the amount required to the register of deeds. *See* Defs.' Mot. to Dismiss, Dkt. No. 5 pg. 16. Defendants contend that the property was sold at a sheriff's sale on April 26, 2012. Plaintiff did not redeem the property by the October 26, 2012,

redemption expiration date, nor was a lawsuit filed until November 16, 2012. Defendants maintain that on October 26, 2012, "Plaintiff lost any legal or equitable right, title or interest in the subject matter of the controversy that would otherwise give him standing to challenge the underlying mortgage or subsequent foreclosure. *Id.* at pg. 24 (internal quotations omitted). The Court agrees with Defendants.

In *Piotrowski v. State Land Office Board*, the Michigan Supreme Court held that the mortgagors in that case had "lost all their rights, title, and interest in and to the property at the expiration of their right of redemption." 302 Mich. 179, 184-85 (1942). The *Piotrowski* standard has been consistently applied by Michigan state courts and federal courts to bar former owners from making any claims with respect to foreclosed property after the end of the redemption period. *See e.g., Stein v. U.S. Bancorp*, Case No. 10-14026, 2011 U.S. Dist. LEXIS 18357, (E.D.Mich. Feb.24, 2011); *Overton*, 2009 Mich. App. LEXIS 1209 (dismissing former owner's claim of fraud where redemption period had expired); *Kama v. Wells Fargo Bank*, 2010 U.S. Dist. LEXIS 115543, Case No. 10-10514, at *5 (E.D.Mich., Oct.29, 2010) (dismissing plaintiff's claims for violation of the foreclosure statute, to quiet title and for promissory estoppel because redemption period had expired); *Moriarty v. BNC Mortg., Inc.*, 2010 U.S. Dist. LEXIS 132576, Case No. 10-113860 (E.D.Mich. Dec.15, 2010) (dismissing action seeking a declaratory judgment voiding foreclosure proceedings).

Here, the redemption period expired on October 26, 2012, and Plaintiff filed his law suit on November 16, 2012. Plaintiff has not presented any evidence in the record evidencing that he has timely redeemed the property. Because Plaintiff failed to redeem the property before the redemption period expired, Plaintiff lost "all right, title, and

interest" in the property by operation of law. *See Pitrowski*, 302 Mich. at 185. Thus, Plaintiff lost all standing to assert any claims with respect to the property. *Overton*, 2009 Mich. App. Lexis 1209, Case No. 284950, at *1.

While the redemption period can be tolled, "[t]he law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement in the absence of a clear showing of fraud or irregularity." *Schulthies v. Barron*, 16 Mich. App. 246, 247-48, (1969); *see also Sweet Air Investment, Inc., v. Kenney*, 275 Mich. App. 492, 497, (2007) ("The Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." (quoting *United States v. Garno*, 974 F.Supp. 628, 633 (E.D. Mich., 1997), citing *Detroit Trust Co. v. Agozzinio*, 280 Mich. 402, 405-406 (1937))).

Here, as mentioned above, Plaintiff has not plead fraud or irregularity with the appropriate particularity to survive a motion to dismiss. Therefore, as with all of the claims alleged herein, this claim also fails.

Accordingly Defendants' Motion to Dismiss [#5] is GRANTED.

      SO ORDERED.

Dated: March 28, 2013             /s/Gershwin A Drain
                                                    GERSHWIN A. DRAIN
                                                    United States District Judge